```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

MICHAEL HAND,                       )
                                    )
                Plaintiff,          )
                                    )
     v.                             )     No.  07 C 1422
                                    )
LIBERTY LIFE ASSURANCE COMPANY OF   )
BOSTON, et al.,                     )
                                    )
                Defendants.         )
```

                        MEMORANDUM ORDER

After completion of the combined status and motion hearing last Friday (February 14), this Court went back to review the bidding somewhat--not only as to the Floyd Olson ("Olson")-Barbara Coffman ("Coffman") motion to strike the Michael Hand ("Hand") jury demand but also as to the same defendants' motion to strike and dismiss the portion of Hand's Answer to their claim to the interpleaded funds that Hand's counsel had labeled a "Cross-claim." At the time of that hearing this Court's chambers file had not contained Hand's Answer and the purported Cross-claim, even though they had been filed electronically on January 11, 2008.[1] That review of Hand's filing has triggered this memorandum order.

First as to the so-called Cross-claim, defense counsel is of

---

[1] Although both this Court and its minute clerk attempt to be meticulous in that respect, it is of course possible that the absence of that pleading from the chambers file may have been the result of misfiling or some other glitch, rather than its not having been delivered to chambers as this District Court's local rule requires.

course correct in characterizing that as a mistaken label. But all that need be done on that score is simply to relabel Hand's pleading as a "counterclaim" rather than a "cross-claim" (after all, Hand is the plaintiff in this action, while Olson and Coffman are defendants). And because Hand is the target of the Olson-Coffman claim, their resultant positioning on opposite sides of the "v." in this action means that Hand has interposed a counterclaim to that Olson-Coffman claim. Moreover, no modification in Hand's substantive allegations needs to be made, and a response to that now-labeled Counterclaim is ordered to be filed by Olson and Coffman on or before February 29, 2008.

As for the other motion submitted by the Olson-Coffman counsel, it correctly invokes Fed. R. Civ. P. ("Rule") 38(d)'s waiver of trial by jury where the jury demand is out of time under Rule 38(b). But as this Court remarked orally during the February 14 hearing, there is substantial caselaw that relieves parties from the waiver that can flow from a timely demand. Different Courts of Appeals have ranged all over the lot in terms of the breadth of discretion vested in trial courts in that respect. But our own Court of Appeals is among those listed in 8 Moore's Federal Practice §39.31[4][a](3d ed. 2007) as normally opting to override the Rule 38(d) waiver provision--as Merritt v. Faulkner, 697 F.2d 761, 767 (7th Cir. 1983) has stated the proposition succinctly:

In the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted.[2]

Accordingly the motion to strike Hand's jury demand is denied. Both Hand's denial of what has been said in the Olson-Coffman Answer and his newly-labeled Counterclaim essentially pose an issue of claimed undue influence on the decedent, just the sort of issue that a lay jury is well-equipped to handle.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 19, 2008

---

[2] [Footnote by this Court] Although the <u>Merritt</u> panel generated three separate opinions--Judge Swygert for the panel, Judge Cudahy concurring and Judge Posner dissenting in part, all three judges agreed on the proposition stated in the text, with Judge Posner beginning his partial dissent with an agreement "that it was an abuse of discretion for the district judge to deny Merritt's untimely request for a jury trial" (<u>id</u>. at 769).