IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HAND,　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff,　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　v.　　　　　　　　　　　　　　　)　　No.　07 C 1422<br>　　　　　　　　　　　　　　　　　)<br>LIBERTY LIFE ASSURANCE COMPANY　 )<br>OF BOSTON, et al.,　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendants.　　　　　 )| |

MEMORANDUM OPINION AND ORDER

This Court has been tendered three notices of motion, each scheduled for presentment on April 2, 2008:

　　1.　On March 26 counsel for plaintiff Michael Hand ("Hand") delivered to chambers a Motion To Strike and Dismiss, targeting the "cross-claim/counter-claim" filed against him by defendants Floyd Olson ("Olson") and Barbara Coffman ("Coffman").[1]

　　2.　On March 28 counsel for Hand delivered to chambers a Motion To Enlarge the Time, requesting a four-week extension for his required response to the pending 28 U.S.C. §1404(a)("Section 1404(a)") motion that Olson and Coffman had filed last June and then renewed on February 25.

　　3.　Also on March 28, counsel for Olson and Coffman filed their Motion To Request Ruling on Defendants' Motion

---

[1] That delivery was the first notice this Court had of the Olson-Coffman filing, no copy of which had been delivered to this Court's chambers (as the local rule requires) to the knowledge of this Court and of its minute clerk.

for Transfer of Venue Prior to Briefing of Hand's Motion To Strike and Dismiss Counterclaim.

There is no real need to await the April 2 presentment date, because each of those three motions can be dispatched now.

As for the first and third motions, counsel for Olson and Coffman has forgotten--or is perhaps unaware of--the principle that was established by <u>Van Dusen v. Barrack</u>, 376 U.S. 612 (1964) over four decades ago (and that is still good law): After the transfer of a diversity case under Section 1404(a), the transferee court remains obligated to apply the choice-of-law rules of the original forum. Because here the question of the ability or lack of ability of Olson and Coffman to seek reimbursement of money they advanced for the family expenses of Hand's late wife Cassie Barrett ("Barrett") is a matter of Illinois substantive law (Hand's and Barrett's marriage was Illinois-based), there is no need to defer to a California district judge on that score if the case is shipped to California.

In that respect the Illinois Rights of Married Persons Act has a specific provision addressing family expenses incurred by either spouse--here is 750 ILCS 65/15(a)(1):

> The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately.

2

For purposes of that statute Olson and Coffman were not "creditors" of Barrett, nor are they "creditors" of Hand, by reason of their having made payment to parties who _were_ creditors of Barrett (see, e.g., <u>In re Estate of McGloon</u>, 191 Ill.App.3d 968, 972, 548 N.E.2d 438, 441 (1st Dist. 1989)). Accordingly Hand's motion to strike and dismiss the Olson-Coffman "cross-claim and counter-claim" is granted.

But as for Hand's motion for any additional response time (let alone four weeks of added time), this Court sees no conceivable justification. That motion has been on the books for fully nine months (it was originally filed, before the February 2008 amendment, on June 28, 2007)--and Hand has proffered no showing that even hints at a reason for the case's retention in this judicial district. To that end, this opinion goes on to review the bidding.

This action began as a straightforward lawsuit by Hand for payment of the proceeds of insurance on the life of his late wife Barrett under the group insurance coverage provided by Liberty Life Assurance Company of Boston ("Liberty") for its employees such as Barrett. But the case has evolved dramatically as the result of a claim by Barrett's grandfather Olson and her mother Coffman, based (1) on a power of attorney that Barrett had executed in Olson's favor before her death and (2) on Olson's transmittal to Liberty of a change-of-beneficiary form in favor

3

of Coffman--indeed, Liberty has deposited the policy proceeds with the Clerk of this District Court and is out of the case entirely, leaving the opposing claimants to do battle over the funds.

That area of battle led Olson and Coffman to seek a Section 1404(a) transfer of the action to the United States District Court for the Southern District of California. Both of them reside in that district, just as Barrett did during several years before her death. Their Section 1404(a) motion brings into play the familiar balancing process as to the statutorily defined criteria of the "convenience of parties and witnesses, in the interest of justice." And in this instance that balance weighs heavily in favor of transfer, rather than keeping the case here.

Normally a plaintiff's choice of forum is given a degree of preference of some strength. But here no question exists as to the legitimacy of Barrett's original designation of Hand as the policy beneficiary, so that no proof in that respect--or indeed as to any other Illinois-based facts--will be needed. Instead all of the evidence at trial will go to the validity of the later beneficiary change--such matters as whether Barrett was competent at the time and whether she was subjected to undue influence by Olson and Coffman (as Hand claims). As stated earlier, Barrett had been living in California and not Illinois for quite some time when the operative events took place. All of the relevant

4

witnesses are in California, not Illinois--and remember that in most Section 1404(a) cases the convenience of witnesses is the (rather than a) critical factor.

As for the standoff that is usually posed by the "convenience of parties" element, which is most frequently a matter of each litigant wanting to do battle on his, her or its own turf, even that tilts toward California. Olson is an elderly gentleman and is represented as having serious health problems, making travel to this judicial district difficult for him, and there is no countervailing difficulty on Hand's part.

Finally, this Court has considered the congeries of factors embraced in the catch-all "interest of justice" criterion--factors that are derived in principal part from the forum non conveniens canon as set out in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947)--and having done so, this Court finds that they too point strongly in the same direction. In that respect, though, one caveat should be sounded: Counsel for Olson and Coffman urge that California substantive law will control, but this Court makes no finding on that score--that is a decision for the transferee judge to make, applying Illinois (and not California) choice-of-law principles under Van Dusen v. Barrack.

## Conclusion

One issue posed by the pleadings is out of the case: Olson and Coffman cannot recover from Hand the family expenses that

5

they advanced for Barrett. As for the Section 1404(a) motion to transfer this action to the District Court for the Southern District of California, it is granted and shall be implemented forthwith. In conjunction with the transfer, the Clerk is also ordered to transmit the deposited funds to the Clerk of that California District Court.

                                       _____
                                       Milton I. Shadur
                                       Senior United States District Judge

Date: March 31, 2008